Samuel H. Hofstadter, J.
This is a corrective motion addressed to the amended complaint. The defendant moves in the alternative to set aside the entire amended complaint pursuant to section 245 of the Civil Practice Act, on the ground that it is in reality a supplemental complaint served without leave of court. By separate motion the plaintiff applies for an order permitting service of the amended complaint as an amended and supplemental complaint, should the court determine that the amended complaint was served improperly. It is obvious that the motion for alternative relief and the plaintiff’s counter-motion must be disposed of first, for, if the amended complaint is set aside in its entirety, the corrective motion becomes academic. The only fact occurring after service of the original complaint on July 10, 1956, stated in the amended complaint is that plaintiff did not discover certain material facts until December 17,1956. It is the defendant’s contention that the inclusion of this single fact in the amended complaint, otherwise served as of course within the time prescribed by section 244 of the *466 Civil Practice Act converts the amended complaint into a supplemental complaint. I find it unnecessary to pass on this contention and assume it to be well taken. On this assumption, the plaintiff’s motion is granted and the amended complaint served on March 8,1957, is deemed an amended and supplemental complaint served nunc pro tunc as of March 8, 1957, pursuant to the leave so to serve the same hereby given the plaintiff. Accordingly, the court now considers the defendant’s motion addressed to this amended and supplemental complaint.
The defendant moves under rule 103 of the Rules of Civil Practice to strike paragraph 18 as “ sham, irrelevant and repetitious this is the paragraph which alleges the plaintiff’s acquisition of knowledge of additional facts on December 17, 1956. The motion is denied; the plaintiff claims that the facts which became known to it on December 17, 1956 are additional to those of which it learned on April 29,1953 as alleged in paragraph 6. If the plaintiff’s position in this regard is correct, then there is no necessary contradiction between the two paragraphs and paragraph 18 may not be stricken as either sham or repetitious. Whether its allegations are true then merely becomes a triable issue, and in no aspect is the paragraph irrelevant.
The motion to strike paragraph 6 as irrelevant is also denied; the defendant urges that the time of discovery of the defendant’s alleged misdoings is immaterial to the first cause of action for money had and received. The plaintiff contends that the right here asserted grows out of the defendant’s receipt of money while acting in a fiduciary capacity and that the time for bringing the action is computed from the time it has actual knowledge of the facts on which the right depends (Civ. Prac. Act, § 15, subd. 1; Hebron v. Long, 15 N. Y. S. 2d 456). Paragraph 6 appropriately alleges the facts on which the plaintiff asserts its right to invoke the foregoing rule and should consequently not be stricken.
The motion to strike paragraphs 9 through 20 is denied. These paragraphs allege a second cause of action for fraud; the allegations are the usual ones in such a cause of action and are not, as contended by the defendant, evidentiary. The pleading alleges only the ultimate facts and informs the defendant of the basis of the claim made against him. Moreover, the defendant shows no prejudice flowing from the presence of this matter in the amended and supplemental complaint. It is no objection that some of the facts in the second cause of action are common to those in the first; the plaintiff is entitled to plead alternative causes of action based on the same facts.
*467 Paragraphs 21 and 22 are, however, stricken. These reallege the first two causes of action in their entirety and conclude with the allegation that the payments received and accepted by the defendant were in violation of section 439 of the Penal Law. If the plaintiff wishes to allege a separate cause of action based on the violation of this section, the only seeming purpose of the third cause of action, it should confine the statement of the cause of action to the facts constituting the violation. There is no need to reallege the first two causes of action which contain at least some allegations immaterial to a charge of the violation of section 439. The plaintiff may, if so advised, amend this cause of action by service of a further amended and supplemental complaint within 10 days after service of a copy of this order with notice of entry.